MR. JUSTICE MORRISON,
specially concurring:
I concur in the result but for a different reason.
*256 This action was initiated by Farmers Insurance Exchange filing a complaint against Mark Allen Christenson, Roland J. Christenson and Karense M. Christenson seeking to recover damages in the sum of $7,000. The record reflects that proper service was had upon defendants and they failed to appear. A default judgment was entered on July 29, 1982. Defendant’s motion to vacate judgment was not filed until January 11, 1983, some 168 days later. Defendants acknowledge that the default judgment cannot be set aside upon any grounds other than that the judgment is void.
Christensons argue that the damages sought by Farmers Insurance Exchange resulted from an unlawful assignment of a personal injury claim belonging to Farmers assignor. This argument was urged in the District Court and the District Court ruled against Christensons. The District Court based its ruling on the merits of the legal argument. The District Court held that Farmers’ claim rested on a valid subrogation interest.
The District Court should not have reached the merits. There simply is no basis for arguing that the judgment entered July 29,1982 was void. The District Court clearly had jurisdiction of both the subject matter of the action and of the parties personally. When a court has jurisdiction then a judgment can only be collaterally attacked if the court’s action involves a “plain usurpation of power.” 7 Moore’s Federal Practice, Section 60.25[2].
Here it is clear that the judgment of the District Court cannot be collaterally attacked. Christenson’s motion to set aside the default judgment is not timely. This Court cannot reach the merits involving validity of Farmers’ subrogation interests.
I vote to affirm.